Order and judgment (one paper), Supreme Court, New York County (Shlomo S. Hagler, J.), entered March 5, 2012, confirming an arbitration award, dated May 4, 2011, which terminated petitioner’s employment as a public school teacher upon a finding that she engaged in a fraudulent scheme to enroll her granddaughter in public school using a false address, and dismissing the proceeding brought pursuant to Education Law § 3020-a and CPLR article 75, unanimously modified, on the law, to vacate the finding of guilt as to Specification 1-A-l (that petitioner engaged in the scheme to avoid payment of nonresident tuition) and vacate the penalty of termination, and to remand the matter for the imposition of an appropriate penalty, and otherwise affirmed, without costs.
Respondent Department of Education conceded at the hearing that petitioner’s granddaughter was entitled to a tuition-free education in New York City public schools, and the hearing officer made no finding that the child was not a City resident. Nor does the record establish that the child was not a City resident. Thus, there is no rational basis upon which to conclude that petitioner engaged in a scheme with the purpose of defraud *461 ing respondent out of non-resident tuition (see Motor Veh. Mfrs. Assn. of U.S. v State of New York, 75 NY2d 175, 186 [1990]; Lackow v Department of Educ. [or “Board”] of City of N.Y., 51 AD3d 563, 567 [1st Dept 2008]).
However, as petitioner concedes, substantial evidence supports the charge that she acted in concert to file a false instrument (Specification 1-B), to wit, engaged in a scheme to use a school aide’s address to enroll her granddaughter in the school at which she taught, and that she improperly obtained the school’s services (Specification l-A-2), since the child should not have been enrolled there.
In light of the foregoing, we remand for the imposition of an appropriate lesser penalty.
Concur—Tom, J.E, Andrias, Saxe, Abdus-Salaam and Gische, JJ.